UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARK H. SOLICE** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **CSX TRANSPORTATION, INC.** | * | |
| | * | **MAG. DIVISION:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

MAY IT PLEASE THE COURT:

NOW COMES, through undersigned counsel, the Plaintiff, Mark Solice, a person of full age and majority domiciled in the Parish of St. Tammany, State of Louisiana, who respectfully represents as follows:

1.  This Honorable Court possesses federal question jurisdiction with regard to Plaintiff's claims against his railroad employer Defendant, CSX Transportation Inc. ["CSXT"], by virtue of 28 U.S.C. § 1331.

2.  Plaintiff's claims versus CSXT arise under the provisions of the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51, *et seq*.

3.  Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(c) as the Defendant, CSXT, owns, operates, and maintains equipment, rail yards, and mainline railroad tracks in Orleans Parish, resulting in CSXT possessing sufficient minimum contacts in the Eastern District of Louisiana to establish venue in this Court.

4.  Defendant CSXT, with its principal business establishment in Jacksonville, Florida does engage in interstate commerce as a common carrier by railroad and more particularly owns,

1

operates, and maintains equipment and railroad track throughout the State of Louisiana, including in Michoud, Louisiana, where Plaintiff was injured during the course and scope of his employment with Defendant.

5.     This cause of action arises under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, commonly referred to as the FELA, to recover damages for personal injuries sustained by the Plaintiff, a railroad conductor, while employed by his railroad employer Defendant, CSXT; the injuries sustained in the line of duty occurred while Plaintiff was engaged in CSXT's principal business of transporting freight in interstate commerce.

6.     Defendant, CSXT, is liable unto its employee, the Plaintiff, Mark Solice, for all of the damages he sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

7.     On or about September 21, 2010, Defendant, CSXT, through its employees, including Plaintiff, were engaged in a switching operation as part and parcel of its business of moving freight in interstate commerce in Michoud, Louisiana in an industry known as Buzzi Unicem, a cement manufacturer.

8.     On the date aforesaid, Defendant, CSXT, required that the Plaintiff, a railroad conductor, mount the last rail car in a train of rail cars that would be pulled out of the Buzzi Unicem industry and back toward to the CSXT mainline railroad tracks.  Plaintiff avers that before climbing aboard the last rail car, which was stationary at the time, he completed a thorough visual inspection of the rail car.

9.     Before the pulling movement began, Plaintiff, in accordance with all applicable CSXT safety rules, released the handbrake on the last rail car and proceeded to ride the last rail car out of the industry.

10.    During the pulling movement out of Buzzi Unicem, and while Plaintiff held onto the side of the railcar using the proper "3-point" protection, a defective handbrake mechanism and rigging dropped beneath the train and onto the railroad track in violation of the Federal Safety Appliances Act, 49 U.S.C. § 20302, directly causing the rail car to derail.

11.    Fearing that the derailing car would fall on top of him, Plaintiff jumped from the rail car and sustained severe injuries to his low back and lower extremities as he struck the ground.

12.    Plaintiff avers that at the time of his injuries, he was an able-bodied railroad worker, and that as a direct cause of Defendant's negligence under the Federal Employer's Liability Act (FELA), and its violation of the Federal Safety Appliances Act on September 21, 2010, Plaintiff sustained severe, debilitating, and career-ending injuries to his lower extremities and lumbar spine, which has required that he undergo surgery to his lumbar spine.

13.    Plaintiff further avers that Defendant, through their agents, servants, and employees negligently and carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq*., and also violated the Federal Safety Appliances Act, 49 U.S.C. § 20302, thereby causing and/or contributing to the aforementioned injuries; and the negligence of CSXT includes, but is not limited to the following acts to-wit:

    A.  In that CSXT, in violation of its non-delegable duty, failed to provide Plaintiff with a reasonably safe place to work;

B. In that CSXT, in violation of its non-delegable duty, failed to provide safe working conditions and proper equipment where Plaintiff was performing his duties in the manner required by Defendant;

C. In that CSXT, in violation of its non-delegable duty, failed to warn Plaintiff of unsafe workplace conditions of which it knew, or in the exercise of reasonable care, should have known.

D. In that CSXT failed to exercise due care and caution commensurate with the surrounding circumstances;

E. In that the malfunction of the defective handbrake on the rail car in the possession and control of CSXT renders it absolutely liable under the Federal Safety Appliances Act, 49 U.S.C. § 20302.

F. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

14. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

A. Physical Pain and Suffering, Past and Future;

B. Permanent Disability;

C. Loss of Enjoyment of Life;

D. Past and Future Lost Wages and Fringe Benefits;

E. Unpaid Past and Future Medical Expenses;

15. Plaintiff is entitled to, and demands, a trial by jury.

16. Plaintiff reserves the right to amend his Complaint for damages, as additional facts become known to him.

WHEREFORE, Plaintiff, Mark Solice, prays that Defendant, CSX Transportation Inc., be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Mark Solice, and against Defendant, CSX Transportation Inc., for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

    Respectfully Submitted,

    **DAVIS • SAUNDERS, PLC**

BY:   */s/ Joseph M. Miller*
    **JOSEPH M. MILLER #30636**
    **BENJAMIN B. SAUNDERS #11733**
    **CARISA GERMAN-ODEN #31463**
    400 Mariners Plaza Drive, Suite 401
    Mandeville, Louisiana 70448
    Telephone: (985) 612-3070
    Facsimile: (985)612-3072
    **Attorneys for Plaintiff,**
    **Mark H. Solice**