UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK H. SOLICE                              CIVIL ACTION

VERSUS                                      NO. 11-1288

CSX TRANSPORTATION, INC.                    SECTION "C" (5)

<u>ORDER AND REASONS</u>

This matter comes before the Court on motion for partial summary judgment

filed by the defendant, CSX Transportation, Inc. ("CSXT").  Rec. Doc. 22.  Having

considered the record, the memoranda of counsel and the law, the Court has

determined that partial summary judgment should be denied for the following reasons.

The plaintiff, Mark H. Solice ("Solice") filed this personal injury suit under the

Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*   Solice alleges that he

was injured when he was working for the CSXT as a railroad conductor on a rail car

when, during switching operations, a defective hand brake failed, causing the rail car to

derail.  Rec. Doc. 1.  One of his claims is based on violation of the Federal Safety

Appliances Act ("FSAA"), 49 U.S.C. § 20302 and its provisions regarding hand brakes

on vehicles.   *Id.* at ¶ 10.  The FSAA imposes strict liability on railroads for violations of

its provisions through FELA.  *Crane v. Cedar Rapids & I. C. Ry. Co.*, 395 U.S. 164, 166

(1969).

In this motion, the defendant argues that *Trinidad v. Southern Pacific Transportation Co.*, 949 F.2d 187 (5th Cir. 1991) requires dismissal of the plaintiff's FSAA claim.  It argues that *Trinidad* provided that the FSAA provisions "extend[] only to injuries caused while the allegedly defective equipment is <u>in use</u>" and does not apply if "the plaintiff's injury occurred when the railroad equipment was engaged in switching operations and before the crew had performed a pre-departure inspection."  Rec. Doc. 22 at 2(emphasis original).  The plaintiff argues in opposition that *Trinidad* does not control here because the injury was allegedly caused by a hand brake on a "vehicle" during switching operations.   Rec. Doc. 26.   The Court finds that the defendant's argument  obfuscates fundamental distinctions between "vehicles," "locomotives" and "trains" that give meaning to the various FSAA provisions, which apply to those categories of things if they are "in use."

In *Trinidad*, the Fifth Circuit stated: "This case presents us with a question of first impression: whether the brake provisions of the Safety Appliance Act (the Act), 45 U.S.C. §§ 1-16, apply to trains during predeparture inspection."  *Id.* at 187-88.  The plaintiff carman in *Trinidad* "was performing the final steps of a routine brake inspection on the night he was injured." *Id.* at 188.  After finding "the distinction

2

between switching and train operations established in older cases remains relevant in

determining whether a train is 'in use' or 'being run' for purposes of the Act," the Fifth

Circuit held that the "train" was not in "in use" for purposes of the statute because "it

had not moved from that spot [the place of assemblage] because it had not been

released following inspection because the inspection was not yet complete." *Id.* at 189.

The specific sections of the statute at issue in that *Trinidad* were predecessor

Sections 1 and 9, which "control air and power-driving wheel brakes" requirements for

a "locomotive" or a "train." *Id.*  Those  requirements are reproduced in the current

sections, 49 U.S.C. §§ 20302(a)(4)-(5), which allow a railroad to "use" or "allow to be

used" on its lines a "locomotive only if it is equipped with a power-driving wheel brake

and appliances for operating the train-brake system[]"  and a "train""only if" it is

equipped with certain "power or train brakes."[1]

The Court finds the defendant's characterization in its motion to the "use" of

─────────────────

[1]With regard to a "train", Section "20302(a)(5) specifically require that a railroad
use or allow its use only if:

    (A) enough of the vehicles in the train are equipped with power or train brakes
so that the engineer on the locomotive hauling the train can control the train's
speed without the necessity of brake operators using the common hand brakes
for that purpose; and

  (B) at least 50 percent of the vehicles in the train are equipped with power or
train brakes and the engineer is using the power or train brakes on those vehicles
and on all other vehicles equipped with them that are associated with those
vehicles in the train.

"defective equipment" instead of the "use" of a "vehicle," "locomotive" or "train" with "defective equipment," is misleading and proves too much. *Trinidad* carefully defined its issue: "whether the <u>brake provisions</u> of the Safety Appliance Act (the Act), 45 U.S.C. §§ 1-16, apply to <u>trains</u> during predeparture inspection." *Id.* at 188(emphasis added). That issue, in turn, focused on whether the assemblage could be a <u>train</u> "in use" when it had not been inspected. *Id*. at 188 (emphasis added).   The defectiveness and "use" of the air brakes in *Trinidad*, or the defendant's "equipment" here, is largely irrelevant to the issue resolved by *Trinidad*.  *Trinidad* focused on whether a "train" was "in use," not whether defective air brakes were "in use."

Here, there is no dispute in this matter that the allegedly defective hand brake was not on a "locomotive" or a "train" and that there was no  inspection relevant to a "train" "in use."   It is also undisputed that the FSAA requires a "locomotive" or "train" to be equipped with power or train brakes and that  hand brakes under the FSAA are relevant only to "vehicles."   Solice was allegedly injured on a "vehicle" that was "in use" by virtue of its involvement in switching operations.   There is no dispute that Section 20302(a)(1) requires that a "vehicle" be equipped with "efficient hand brakes" to avoid  <u>exactly</u> what allegedly happened to Solice during switching operations.

Here, the Court finds as a matter of law, that the "vehicle" here was "in use" and

subject to the FSAA's hand brake requirement at the time of the accident.   In holding

that *Trinidad* provides no impediment to this plaintiff's claim under the FSAA, the

Court notes with approval the sound reasoning of the court in *Underhill v. CSX*

*Transportation, Inc.,* 2006 WL 1128619 (N.D.Ind.), as well as  that court's patient

treatment of the confusion that apparently accompanies this issue.[2]

IT IS ORDERED that the  motion for partial summary judgment filed by the

defendant CSX Transportation, Inc. is DENIED.    Rec. Doc. 22.

New  Orleans, Louisiana, this 10th  day of April, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT[2]

---

[2]It appears that some of the confusion may derive from a statement in *Phillips v. CSX Transportation, Inc.,* 190 F.3d 285, 289 (4th Cir. 1999), that "the FSAA does not apply to train cars involved in switching operations."  The Fourth Circuit relied, in part, on *Trinidad* for that statement, even though *Trinidad* discussed FSAA brake requirements for a "train," not "train cars," involved in switching operations.  *Trinidad*, 949 F.3d at 188-89.